MONTANA NATIONAL BANK OF BILLINGS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4710.   Promulgated May 18, 1928.

*Arthur C. Thomsen, Esq.*, for the petitioner.
*Benton Baker, Esq.*, for the respondent.

## OPINION.

LANSDON: Petitioner presents three theories upon which it claims a right to deduct from gross income the amount of $15,000 for the year 1920, namely, (1) that the item was a bad debt ascertained to be worthless and charged off during the taxable year; (2) that petitioner sustained a loss in the amount of $15,000 from the sale, during the taxable year, of Hurley's notes to the Montana National Development Co., and (3) that there was an exchange of property in 1920, which resulted in a loss of $15,000 to petitioner during 1920.

Section 234(a) of the Revenue Act of 1918 provides:

That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

     *        *        *        *        *        *        *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

(5) Debts ascertained to be worthless and charged off within the taxable year;

In view of the provisions of section 240 of the Revenue Act of 1918 that transactions between affiliated corporations must be disregarded in determining the taxable income of either corporation, the sale by petitioner to the Montana National Development Co. of the notes and mortgages has no effect with regard to the question whether petitioner is entitled to a deduction of $15,000 for an alleged loss or bad debt. *Appeal of American La Dentelle, Inc.*, 1 B. T. A. 575; *Appeal of Frank G. Shattuck Co.*, 2 B. T. A. 7.

The petitioner's contention that this was a debt ascertained to be worthless and charged off during the taxable year must fail. The debt was not worthless, although its value had been impaired, in as much as the whole amount was secured by a mortgage on 1,920 acres of land. In *Murchison National Bank*, 1 B. T. A. 617, where the question involved is very similar to the one at bar, the Board stated:

* * * The evidence discloses as to these points that, at the close of the year 1920, N. P. Sloan & Company was indebted to taxpayer in the sum of $91,492.92 on account of loans made to it, against which cotton was held as security. N. P. Sloan & Co. failed during the year 1920, and at the close of the year taxpayer credited the loan with the estimated value of the cotton and charged off the balance as a bad debt. Subsequently, in the year 1921, the cotton was sold at $12,172.16 less than its estimated value on December 31, 1920, and taxpayer now claims that it should be permitted to take as a deduction in 1920 the entire amount of the difference between the amount of the loan to N. P. Sloan & Company and the amount realized from the sale of the security.

It is the opinion of the Board that, under the circumstances as disclosed by the record, taxpayer was not entitled to charge off as a bad debt in 1920 the amount owing to it by N. P. Sloan & Company or any part thereof. The debt was not worthless in that year although its value was impaired. Taxpayer had security for at least a part of the amount owing to it. It did not take steps in that year to dispose of the security and ascertain what part of the debt, if any, was incapable of collection, but merely estimated the value of the security, credited the loan with such estimated value and continued to hold the security until 1921. The transaction was not closed until 1921 and it can not be said that the debt was ascertained to be worthless in 1920. Whether or not it became worthless thereafter is not before the Board and we express no opinion on that question.

See also, *Blaine County National Bank*, 2 B. T. A. 966; *White City Electric Co.*, 2 B. T. A. 705; *A. W. Blackie*, 2 B. T. A. 747; *Patrick J. Shouvlin*, 2 B. T. A. 499; *Minnehaha National Bank*, 8 B. T. A. 401.

We are of the opinion that petitioner is not entitled to deduct $15,000 as a loss in 1920. The transfer by petitioner to the Develop-

ment Company being of no effect, there remains no completed transaction which could have given rise to the alleged loss.

The petitioner contends that the mortgage on 1,920 acres of land has been exchanged for the notes and that it has sustained a loss in the amount of the difference between the value of the land and the face of the notes. Such contention is purely fiction. There has in fact been no exchange of property on which a loss could be determined. The mortgage was held as security until foreclosure in 1921, at which time the face of the notes amounted to $25,875.

*Judgment will be entered for the respondent.*